926 F.2d 1215
 136 L.R.R.M. (BNA) 2648, 288 U.S.App.D.C. 342
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CHRISTOPHER STREET OWNERS CORP., Petitioner
v.
NATIONAL LABOR RELATIONS BOARD, Respondent
 No. 89-1779.
 United States Court of Appeals, District of Columbia Circuit.
 March 6, 1991.
Rehearing Denied April 4, 1991.
 
 Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board.
 NLRB
 ORDER ENFORCED.
 Before WALD, BUCKLEY and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 This case was considered on the record from the National Labor Relations Board and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED by the court that the petition for review herein be denied and the cross-application for enforcement be granted.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Shortly after purchasing a residential apartment building in New York City in July 1984, petitioner Christopher Street Owners Corporation ("Christopher Street") ignored the elected Local 32B-32J, Service Employees International Union ("Local 32"), and signed a collective bargaining agreement with Local 2, New York State Independent Union of Building Service Employees and Factory Workers ("Local 2"). Under this agreement, Local 2's Confederated Welfare Fund provided health insurance to the four Christopher Street employees at an annual cost to the company of $1280 per employee.
 
 
 5
 Local 32 filed charges with the NLRB. On July 31, 1986, an NLRB administrative law judge ("ALJ") ruled that Christopher Street had violated sections 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with the duly elected union. 29 U.S.C. Sec. 158(a) (1988).
 
 
 6
 In May 1987, while the ALJ's decision and recommended order were awaiting review by the Board, several relevant events occurred. Local 2 informed Christopher Street and its employees that, as it no longer represented the employees, their health insurance was canceled. Christopher Street did not inform the proper bargaining agent, Local 32, of the cancellation, or seek to bargain about the issue with Local 32, or secure alternative protection for the employees. At about the same time, Christopher Street's managing agent sent a memorandum to employees that changed some job responsibilities. Again, Christopher Street did not seek to bargain with Local 32 about the matter. On May 27, Local 32 filed a second set of charges over the company's failure to bargain about the insurance and about the job changes.
 
 
 7
 On September 30, 1987, before these new charges had reached the hearing stage, the NLRB adopted the earlier ALJ decision in most respects. The Board ordered the company to bargain with Local 32. Christopher Street Owners Corp., 286 N.L.R.B. 253 (1987) ("Christopher Street I "). The Second Circuit enforced the Board's order on April 20, 1988. 847 F.2d 835 (2d Cir.1988). Christopher Street declares that it has since been available to bargain.
 
 
 8
 Meanwhile, the second set of charges moved on to a hearing and, on April 14, 1988, an ALJ decision. He ruled that the company had violated the Act by unilaterally changing the job responsibilities of the employees, and by not contacting Local 32 and offering to bargain over insurance as soon as Local 2 canceled the coverage. He said that the company could have avoided the latter violation by replacing the insurance:
 
 
 9
 [I]f benefit levels had been maintained so that there would not have been any discernible resultant loss to employees, Respondent's purchase of new insurance, or its acting as a self-insurer, even without bargaining with Local 32, would not have violated its bargaining obligation....
 
 
 10
 ALJ Decision at 8-9 (appendix to Christopher Street Owners Corp., 294 N.L.R.B. No. 18 (1989) ("Christopher Street II ")). The ALJ ordered the company to restore the employees' original duties and to make employees whole for any losses suffered while uninsured.
 
 
 11
 The Board adopted most of this ALJ decision, including the make-whole remedy. Christopher Street II, 294 N.L.R.B. No. 18, at 1-2. The Board rejected, however, the ALJ's conclusion that the company could have lawfully replaced the canceled insurance on its own. The Board declared that such "unilateral action would violate Sec. 8(a)(5)." Id. at 1 n. 2.
 
 
 12
 To this court, the company appeals only the make-whole relief imposed in the second proceeding. It does not appeal the findings that it violated the NLRA by altering the job duties and by failing to notify Local 32 of the terminated insurance and to bargain over the effect of its cancellation.
 
 
 13
 The Board has "broad discretion to devise remedies that effectuate the policies of the Act, subject only to limited judicial review." Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 898-99 (1984). By imposing the make-whole remedy, the Board here seeks to approximate the results of a Local 32-Christopher Street negotiation that never occurred. Although the actual fruits of such a negotiation might have been less generous to the employees than the hypothesized agreement, the Board does not abuse its discretion by resolving doubts against the party that violated the Act, see Booster Lodge No. 405, Int'l Ass'n of Machinists & Aerospace Workers v. NLRB, 459 F.2d 1143, 1160-61 (D.C.Cir.1972), aff'd, 412 U.S. 84 (1973) (per curiam), so long as the order is remedial rather than punitive, see Local 60, United Brotherhood of Carpenters & Joiners v. NLRB, 365 U.S. 651, 655 (1961).
 
 
 14
 We are troubled, however, by the Board's position that Christopher Street would have been in further violation of the NLRA if it had purchased, without prior consultation with Local 32, insurance to take the place of the canceled coverage. According to the Board, a company that refuses to negotiate with a union during the course of an administrative appeal faces a choice between, on the one hand, potentially bottomless liability for recompensing severely injured or ill employees, and, on the other, a new NLRB proceeding over a new violation. Such a policy strikes us as unduly harsh. Nevertheless, as Christopher Street did not unilaterally replace the Local 2 insurance, it did not face that dilemma.
 
 
 15
 We enforce the order, but we limit the make-whole remedy to the period between May 12, 1987, when Christopher Street received notice of the cancellation of the Local 2 coverage, and April 20, 1988, when the Second Circuit issued its order enforcing the Board's decision in Christopher Street I. It was on the first date that the company came under an obligation to notify Local 32 of the termination of the employees' health insurance and to bargain over the effects of the cancellation. Christopher Street II, 294 N.L.R.B. No. 18, at 3 n. 3. As the union had actual knowledge of the insurance cancellation almost immediately--it filed charges two weeks after the cancellation--the notification violation was soon mooted. Christopher Street's obligation to initiate bargaining nonetheless continued. This obligation expired, however, no later than April 20, 1988, when the Second Circuit acted to enforce the Board's order that the company "[r]ecognize and bargain, on request, with the Union." Christopher Street I, 286 N.L.R.B. at 258 (emphasis added). Christopher Street may petition the Board for termination of its obligation under the make-whole remedy as of September 30, 1987, the date of the agency's order, upon a showing that the company stood ready at all times thereafter to bargain with Local 2 in good faith, but that the union had failed to initiate negotiations as required by the order.
 
 
 16
 Accordingly, we enforce the Board's order as herein modified.
 
 
 17
 So ordered.